KURZMAN, INC. *vs.* WILLIAM L. SHEARER, JR.

Suffolk. March 10, 1932. — March 28, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Husband and Wife. Agency,* Existence of relation. *Contract,* What constitutes.

At the trial of an action of contract for merchandise alleged to have been sold and delivered to the defendant or his agents, there was evidence that the merchandise was delivered upon the order of the defendant's wife; that, when she opened an account with the plaintiff about two years before the merchandise was ordered, she stated to the plaintiff that she was the wife of the defendant and that either he or she would pay for the goods; and that the monthly statements were sent by the plaintiff to him or to her or to both. The wife testified that the defendant, after their marriage and before the first goods

were sold, told her that she might make purchases of the articles mentioned in the declaration and charge them to his account; and that, previous to the date of sale of the last goods, he had not told her not to make any further purchases. The judge ordered a verdict for the defendant. *Held,* that

(1) The questions, whether the defendant had given his wife express authority to buy on his credit the goods described in the declaration and whether she bought them in accordance with the authority so given, were for the jury;

(2) The verdict should not have been ordered for the defendant.

CONTRACT. Writ dated November 12, 1930.

In the Superior Court, the action was tried before *Morton,* J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*A. J. Zimmerman,* (*S. Zimmerman* with him,) for the plaintiff.

*B. Potter,* for the defendant.

SANDERSON, J. This is an action of contract in which the plaintiff seeks to recover for merchandise alleged to have been sold and delivered to the defendant or his agents. At the close of the evidence the trial judge subject to the plaintiff's exception allowed the defendant's motion that a verdict be directed in his favor. The account annexed for the most part purports to describe articles of women's apparel purchased on dates between January 4, and February 26, 1930.

Helen B. Shearer testified by deposition that during the time covered by the purchases in question she was the wife of the defendant, and purchased the articles described in the account annexed for the prices therein stated; that she instructed the plaintiff to charge them to the defendant. She further testified that the defendant after their marriage and prior to January 4, 1930, told her that she might make purchases of the articles mentioned in the declaration and charge them to his account, and that he had not prior to February 26, 1930, told her not to make any further purchases. She testified in cross-examination that the articles were charged to the defendant.

The treasurer of the plaintiff corporation testified by

deposition that the articles described in the account annexed correspond to the records of the plaintiff corporation as contained in its regular books of account and used in the ordinary course of its business, and that the plaintiff had not received payment therefor; that when Mrs. Shearer first opened the account with the plaintiff on December 16, 1927, she stated that she was the wife of the defendant and that either he or she would pay for the goods; that the monthly statements were sent to him or her or both.

On the testimony of Mrs. Shearer the questions whether the defendant had given her express authority to buy on his credit the goods described in the declaration and whether she bought them in accordance with the authority so given were for the jury to decide. For this reason the trial judge erred in directing a verdict for the defendant, and the entry must be

*Exception sustained.*